MAYNARD STEADMAN et al. *v.* SAMUEL RODGERS.

**Verdict of Jury — Contrariety of Evidence.**
> Where there is a contrariety of evidence the verdict of the jury must stand, unless the court erred in giving or refusing instructions.

APPEAL FROM GREENUP CIRCUIT COURT.

September 24, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This is an action upon the judgment of an Ohio court, obtained upon the service of process, and before appellee can escape from its consequence he must show affirmatively why judgment should not be rendered thereon by a court of this State; the court below, therefore, correctly determined that defendant had the affirmative.

Appellee alleged that the judgment had been obtained by fraud, that he was insolvent at the bringing of the suit in Ohio, and compromised with the plaintiff's attorney by passing him a note

on Riggs for $500, a note on Wetstz for $100, and his own note for $72, and that thereupon the suit was to be dismissed and that his counsel was discharged from the case, but that afterward plaintiff's counsel, in violation of this agreement, took judgment against him.

Upon this issue there was some contrariety of evidence but the jury have found for defendant and their finding must stand unless the court erred in giving or refusing instructions. It is contended by appellants' counsel that their Ohio counsel had no right to compromise the claim and take anything but money.

The general duty of an attorney-at-law is to sue and collect his clients' claims, and not to compromise without special authority; but it is not necessary in this case to determine that where the clients live at a distance from their debtor and their attorney, and when the debtor is insolvent that the power to compromise and secure the debt may not be implied, or presumed, because, however this may be, the attorney has not the right by an agreement of this kind to delude the defendant from presenting his defense, and after waiving the agreed consideration, without any notice to the defendant, that the plaintiffs repudiate the arrangement with their attorney to proceed to judgment.

If they claim the benefit of such judgment obtained by the attorney making such arrangement they should be held responsible for his conduct in the obtainment of the judgment.

Had they notified appellee that such arrangement was repudiated and that they should still seek their judgment the judgment would then have been fairly obtained.

Whether upon another suit seeking an original judgment on the original claim this arrangement with appellants' attorney can be pleaded as payment need not now be decided; the only issue in this case was that the judgment was obtained by fraud, and we think the appellants are not entitled under the issue, proof, and finding to enforcement of their Ohio judgment obtained under the circumstances developed.

As the instructions given by the court below accord with this opinion, and those refused do not, the judgment is affirmed.